UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GLADNEY,<br>        Plaintiff,<br>    v.<br>ROSSBERG, et al.,<br>        Defendants. | Case No. 22-cv-05128-JD<br><br>**ORDER RE SERVICE** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was provided inadequate lighting in his cell.  "'Adequate lighting is one of the fundamental attributes of "adequate shelter" required by the Eighth Amendment.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1984)).  Lighting which is so poor that it is inadequate for reading, causes eyestrain and fatigue, and hinders attempts to maintain basic sanitation violates the Eighth Amendment.  *See Hoptowit*, 773 F.2d at 783; *see also Toussaint v. McCarthy*, 597 F. Supp. 1388, 1409 (N.D. Cal. 1984) (court refuses to "constitutionalize" particular expert standard for adequate lighting, but concludes that inmates in this case must be afforded sufficient light to read comfortably while seated or lying on bunk).  Similarly, the constant illumination of an inmate's cell, which causes him sleeping and other mental and psychological problems, is unconstitutional.  *See Keenan*, 83 F.3d at 1090-91; *see also Grenning v. Miller-Stout*, 739 F.3d 1235, 1236 (9th Cir. 2014) (reversing summary judgment where there were material issues as to brightness of lighting and effect on plaintiff).

In a § 1983 or a *Bivens* action -- where employers and supervisors are not made to automatically answer for the torts of their employees and subordinates -- the term 'supervisory liability' is a bit undescriptive.  Each government official, his or her title or position

2

1  notwithstanding, is liable only for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding
2  under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil Procedure, that
3  complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that
4  top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of
5  high interest' because of their race, religion, or national origin" over more likely and non-
6  discriminatory explanations).

7        A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in
8  the constitutional deprivation or (2) a sufficient causal connection between the supervisor's
9  wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04
10 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly
11 unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own
12 culpable action or inaction in the training, supervision, or control of his subordinates; for his
13 acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous
14 indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation
15 omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable
16 actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional
17 conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v.*
18 *Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that
19 conclusory allegations that supervisor promulgated unconstitutional procedures which authorized
20 unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

21       Plaintiff is a state prisoner who was detained at the West County Detention Facility. He
22 contends that for approximately twenty-two days he was provided inadequate lighting, despite
23 submitting multiple repair requests. Plaintiff states that there were only two lights in his room and
24 one light did not work and the other was extremely dim and sometimes flickered. As a result,
25 plaintiff began suffering panic attacks. He states that Lieutenant Rossberg and Sergeant Lynch
26 failed to have the lighting fixed despite his requests. The claim is sufficient to proceed against
27 these defendants due to their personal involvement. Plaintiff's allegations that these defendants
28 failed to properly train and supervise subordinates is dismissed with prejudice. Plaintiff has not

presented sufficient allegations regarding the actions of defendants' subordinates.

**CONCLUSION**

1.  The case will go forward against Lieutenant Rossberg and Sergeant Lynch. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (Dkt. No. 11) with attachments and copies of this order on Lieutenant Rossberg and Sergeant Lynch at the West County Detention Facility.

2.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than fifty-six days from the date of service, defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

    b.  At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c.  Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d.    If defendants wish to file a reply brief, they shall do so no later than fourteen days after the opposition is served upon them.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.    All communications by plaintiff with the Court must be served on defendants, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 14, 2023

                                                     JAMES DONATO
                                                     United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.